## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSE GREGORIO HERNANDEZ,**

     **Movant,**                               **Case No. 8:21-cv-1856-MSS-AAS**

**v.**                                     **Crim. Case No. 8:19-cr-396-MSS-AAS**

**UNITED STATES OF AMERICA,**

     **Respondent.**

_____/

### O R D E R

Hernandez moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1), the United States responds (Doc. 5), and Hernandez replies. (Doc. 6) After reviewing these documents and the record in the criminal action, the Court **DENIES** Hernandez's motion.

### PROCEDURAL HISTORY

A grand jury indicted Hernandez with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine while upon the high seas on board a vessel subject to the jurisdiction of the United States, and aiding and abetting the possession with intent to distribute five kilograms or more of cocaine while upon the high seas on board a vessel subject to the jurisdiction of the United States. (Crim. Doc. 16) Hernandez pleaded guilty to the drug conspiracy count pursuant to an agreement with the United States. (Crim. Doc. 208) The United States agreed to dismiss the aiding and abetting count, to recommend a downward adjustment for acceptance of responsibility, and to not oppose Hernandez's request for a sentence at the low end of the sentencing guideline range. (Crim. Doc. 208 at

3–5) This Court departed downward and sentenced Hernandez to ninety-six months in prison and five years of supervised release. (Crim. Doc. 450) Hernandez did not appeal.

The parties stipulated to the following factual basis (Doc. 5-1 at 36–38):

> [Prosecutor:] On August 27, 2019, a Venezuelan flagged fishing vessel, was interdicted by a Dutch — Netherlands Majesty's Ship Groningen, with a detachment of United States Coast Guard law enforcement on board in international waters of the Caribbean Sea, approximately 42 nautical miles north of Puerto Cabello, Venezuela. There were 14 mariners on board.
>
> As the HNLMS Groningen launched their over-the-horizon vessels with the Coast Guard detachment onboard to make contact with the fishing vessel and conduct a right of approach questioning, the law enforcement vessel observed the fishing vessel Maria Purisima jettisoning packages off the vessel.
>
> The HNLMS Groningen briefed Coast Guard District 7, about the claimed registry for the vessel, the Maria Purisima as being flagged in Venezuela, the government of Venezuela was contacted and confirmed that the vessel was in fact flagged — registered in the government — with the government of Venezuela.
>
> The Groningen over-the-horizon vessel recovered 12 of the jettisoned packages and narcotics identification kit tests were conducted on those substances and resulted in positive hits of cocaine with an at-sea weight of 390 kilograms.
>
> Fourteen crew members were identified as being onboard the fishing vessel Maria Purisima. They were Jose Gregorio Hernandez Vasquez, Kelvin Alejandro Gonzalez Noriega, Emeterio Ramon

> Marcano, Rogelio Ramon Narvaez, Nelson Jose Fermin Marcano, Anderson Jose Ardarcia Pino, Steven Jhoan Aguilera Level, Ruben Rafael Vasquez Vasquez, Luis Ramon Narvaez, Daniel Vasquez, Jose Romero, Oliver Marin, Ruben Marin, and Diosser Irlander Gaona Murillo, would be the 14 individuals.
>
> On August 29, 2019, the Government of Venezuela waived jurisdiction of the vessel, crew, and contraband and the detainees were brought to the Middle District of Florida.

In his Section 2255 motion (Doc. 1 at 4–6), Hernandez asserts that trial counsel was ineffective for not objecting to the venue of the criminal prosecution (Ground One) and for not objecting to the subject matter jurisdiction of this Court. (Ground Two) Hernandez further asserts that his guilty plea was unknowing and involuntary because trial counsel did not advise him that the venue of the criminal prosecution was improper. (Ground Three). (Doc. 1 at 7–8) The United States concedes that the motion is timely but asserts that the claims are meritless. (Doc. 5)

Hernandez attaches to his Section 2255 motion an affidavit. (Doc. 1-1) In the affidavit, he swears that the U.S. Coast Guard transported him to Puerto Rico, transferred him to Miami for questioning, and transferred him to Tampa to face prosecution. (Doc. 1-1 at 1–2) He contends that he told his court-appointed attorney that Dutch authorities interdicted him while he was in a Venezuelan economic zone. (Doc. 1-1 at 2) He asked his attorney how the United States could prosecute him, and his attorney responded that the United States could "do whatever they want." (Doc. 1-1 at 2) He learned that "there lies a possibility that the United States did not have jurisdiction over the vessel as the vessel was not stateless." (Doc. 1-1 at 2) Also, he learned that "Congress amended the venue law in 2017 stating that one

should be prosecuted in the district in which they arrived or the District of Columbia." (Doc.

1-1 at 2–3)

## STANDARD OF REVIEW

Hernandez asserts ineffective assistance of counsel — a difficult claim to sustain.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984) explains:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

"There is no reason for a court . . . to address both components of the inquiry if the defendant

makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "[C]ounsel is strongly

presumed to have rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court

deciding an actual ineffectiveness claim must judge the reasonableness of counsel's

challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct." *Strickland*, 466 U.S. at 690.

"An error by counsel, even if professionally unreasonable, does not warrant setting

aside the judgment of a criminal proceeding if the error had no effect on the judgment."

*Strickland*, 466 U.S. at 691. To demonstrate prejudice, the defendant must show "a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Strickland*, 466 U.S. at 691. A reasonable probability

is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at

694. *Strickland* cautions that "strategic choices made after thorough investigation of law and

facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690–91. A defendant cannot meet his burden by showing that the avenue chosen by counsel was unsuccessful. *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992).

"Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill*, 474 U.S. at 59).

## MERITS

### Ground One

Hernandez asserts that trial counsel deficiently performed by not objecting to venue. (Doc. 1 at 4) He contends that he entered the United States in Miami, Florida and was transferred to Tampa to face prosecution. (Doc. 1 at 4) He claims that 46 U.S.C. § 70504(b)(1) required the United States to prosecute him in the district where he entered the United States or in the District of Columbia. (Doc. 1 at 4) The United States correctly responds that Congress amended Section 70504(b) to permit prosecution in any district. (Doc. 5 at 6–7)

The indictment charged Hernandez with two counts. (Crim. Doc. 16 at 1–3) The conspiracy count charged Hernandez with violating 21 U.S.C. § 960(b)(1)(B)(ii) and

46 U.S.C. §§ 70503(a) and 70506(a) and (b). (Crim. Doc. 16 at 1–2) The aiding and abetting count charged Hernandez with violating 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. §§ 70503(a) and 70506(a). (Crim. Doc. 16 at 2–3) Both counts charged Hernandez with committing the offenses on August 27, 2019, while upon the high seas. (Crim. Doc. 16 at 1–3)

In 2017, Congress amended 46 U.S.C. § 70504(b) as follows:

> A person violating section 70503 or 70508 —
>
> (1)  shall be tried in the district in which such offense was committed; or
>
> (2)  if the offense was begun or committed upon the high seas, or elsewhere outside the jurisdiction of any particular State or district, may be tried in any district.

At the change of plea hearing, Hernandez stipulated that authorities interdicted the boat near Venezuela. (Doc. 5-1 at 42–44) Even if Hernandez entered the United States in Miami, Florida, the United States could prosecute him in any district. 46 U.S.C. § 70504(b) (2019). Because this Court would have overruled an objection to venue, trial counsel was not ineffective. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) ("Failing to make a meritless objection does not constitute deficient performance.").

In his reply (Doc. 6 at 2), Hernandez argues that a court must interpret 46 U.S.C. § 70504(b) "*in pari materia*" with 18 U.S.C. § 3238 which states:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known

the indictment or information may be filed in the District of
Columbia.

Because the indictment charged Hernandez with violating 46 U.S.C. § 70503(a) (Crim. Doc.
16 at 1–3), Section 70504 — which applies to "[a] person violating Section 70503" — governs.
Because Section 70504 unambiguously governs and permits prosecution in any district, the
Court does not rely on a canon of construction to interpret the statute. *United States v. Warren*,
820 F.3d 406, 408 (11th Cir. 2016) ("Courts generally apply *in pari materia* only when a legal
text is ambiguous.").

Ground One is **DENIED**.

**Ground Two**

Hernandez asserts that trial counsel deficiently performed by not objecting to subject
matter jurisdiction of the prosecution. (Doc. 1 at 5) He contends that Dutch authorities
interdicted the boat in a Venezuelan economic zone, the boat flew a Venezuela flag, and he
told authorities that he was Venezuelan. (Doc. 1 at 5) He argues that, because the United
States and Venezuela have no diplomatic ties, Venezuela could only have conferred
jurisdiction on the Netherlands, the country that interdicted the boat. (Doc. 1 at 5)

At a status conference before Hernandez's plea, the Court heard argument from
counsel for Hernandez and counsel for his co-defendants concerning subject matter
jurisdiction. (Doc. 184 at 1) In a pretrial order, the Court summarized this procedural history
and directed the United States to prove subject matter jurisdiction (Crim. Doc. 188 at 1–2)
(record citations and bolding omitted):

> At the status conference held on November 15, 2019, Defendants
> advised the Court of an issue with the Court's jurisdiction under
> the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70501 *et
> seq* ("MDLEA") . . . . Thus, the Court set this matter for a date
> certain trial to begin on Monday, November 18, 2019,

> conditioned on the Government's ability to prove the Court's jurisdiction as required under the MDLEA. . . .
>
> At the conclusion of the status conference, the Government filed a State Department Certification "for the purpose of the Court making a judicial determination that the vessels in question were subject to the jurisdiction of the United States of America." The Court has not had an opportunity to thoroughly evaluate this filing, and, until it does, it cannot ascertain jurisdiction. Accordingly, the Court finds it necessary to continue this matter pending a review of the State Department Certification for purposes of ascertaining its jurisdiction over the vessel in question. The Government is directed to disclose to Defendants and to file under seal, on or before the close of business on Wednesday, November 27, 2019, the August 28, 2019 and August 29, 2019 correspondence referenced in the State Department Certification at paragraphs d and e.

The prosecutor complied with the Court's order and filed under seal the correspondence referenced in the State Department Certification. (Docs. 189, 190, 191, 198)

Before Hernandez pleaded guilty, this Court reviewed the documents and a memorandum of law submitted by the prosecutor (Crim. Doc. 194) and determined that the United States established subject matter jurisdiction (Crim. Doc. 205 at 2–3) (record citations omitted):

> For the reasons that follow, the Court determines that it has jurisdiction over the Defendants.
>
> Under the MDLEA, jurisdictional issues "are preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. § 70504. A "covered vessel" under the MDLEA is "a vessel of the United States or a vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(e)(1). A "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality" and "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C. § 70502(c)(1)(A), (C). Consent or waiver of objection by a foreign nation "is proved conclusively by certification of the Secretary of State or the Secretary's designee." *Id.* at § 70502(c)(2)(B).

The very concept of a conclusive proof entails not only that no detail or corroboration is needed, but also that any contrary evidence is futile. If a document states a proposition, a party introduces evidence that contradicts or undermines the proposition, and a court thereby inquires whether the proposition is true, then the court treats the document at most as establishing a rebuttable presumption of the proposition's truth, but not as conclusively proving its truth. Congress instructs specifically that courts should treat the MDLEA certification as conclusive of the foreign nation's response.

*United States v. Hernandez*, 864 F.3d 1292, 1300 (11th Cir. 2017). The Eleventh Circuit has articulated that the conclusive proof provision of the MDLEA forecloses any need for details or corroborations and any inquiry into the certification's veracity. *Id.*

The Department of State Certification filed by the Government in this case, certifies as follows: based on a claim of Venezuelan registry for the vessel MARIA PURISIMA which was flying a Venezuelan flag at the time of the interdiction in this case, the Government requested that the Government of Venezuela confirm whether the vessel was registered in Venezuela and, if so registered or if Venezuela could not confirm registration but had grounds to presume that it may be registered in Venezuela, authorize the United States to stop, board, and search the suspect vessel, cargo, and crew. Venezuela authorized said interdiction, boarding, and search. On August 28, 2019, the United States requested that Venezuela consent to United States' jurisdiction, and on August 29, 2019, Venezuela waived its primary right to exercise jurisdiction over the MARIA PURISIMA, its crew, and cargo, to the extent necessary for the enforcement of United States law.

Based on the Department of State Certification, the Court finds that the jurisdictional issues surrounding the vessel have been conclusively established and that jurisdiction in this case is proper.

Because trial counsel objected to and secured a ruling on subject matter jurisdiction before Hernandez pleaded guilty, Hernandez fails to demonstrate deficient performance and

prejudice under *Strickland*. *Burt v. Titlow*, 571 U.S. 12, 17 (2013) ("We have said that . . . the burden to 'show that counsel's performance was deficient' rests squarely on the defendant.") (quoting *Strickland*, 466 U.S. at 687); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) ("*Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different.") (citing *Strickland*, 466 U.S. at 694).

Ground Two is **DENIED**.

**Ground Three**

Hernandez asserts that his guilty plea was unknowing and involuntary because neither trial counsel nor this Court advised him that (1) the defense could have challenged venue at trial and (2) the Court should have determined jurisdiction. (Doc. 1 at 7) He contends that he would have insisted on exercising his right to trial if either trial counsel or the Court had properly advised him. (Doc. 1 at 7)

"As with resolving other important elements contained in a charge, a jury must decide whether the venue was proper." *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010). However, as explained above, because venue was proper, Hernandez cannot demonstrate either that trial counsel deficiently advised him before his plea or that "he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 56, 59.

Also, the record conclusively refutes Hernandez's claim that neither trial counsel nor this Court advised Hernandez that the Court should have determined jurisdiction. Before Hernandez pleaded guilty, the Court determined that the United States established subject matter jurisdiction. (Crim. Doc. 205 at 2–3)

At the change of plea hearing before Judge Amanda Sansone, Hernandez raised a question about jurisdiction. Judge Sansone advised Hernandez that the Court had determined

jurisdiction and that Hernandez would have to abandon his challenge to jurisdiction to plead

guilty (Doc. 5-1 at 42–44):

|  |  |
|---|---|
| [Court:] | Okay. Let me turn to you Mr. Hernandez Vasquez. Were you listening when [the prosecutor] summarized the facts of the case? |
| [Hernandez:] | Yes. |
| [Court:] | Do you have any disagreement with any of the facts that [the prosecutor] said? |
| [Hernandez:] | With everything. |
| [Court:] | You disagree with everything that [the prosecutor] said or you agree with everything [the prosecutor] said? |
| [Hernandez:] | The attorney. |
| [Court:] | No, [the prosecutor], the attorney for the government, the gentleman that summarized the facts of this case, do you — do you — were you listening when he summarized the facts of the case? |
| [Hernandez:] | Yes. There's a part that I don't agree with, the part about the nautical miles, about the 42 nautical miles. |
| [Court:] | Do you think it was — where do you think the boat was? |
| [Hernandez:] | Because Venezuela also has its own territory. We weren't 42 nautical miles away from Venezuela, we were close enough that we could see the hills, the dirt — |
| [Court:] | But let me stop you for one second, Mr. Hernandez Vasquez. Do you dispute that you were in international waters or do you agree that you were in international waters? |

[Hernandez:]  Well, according to U.S. laws, yes, we were. But I want to be told about Venezuelan territory, their jurisdiction, the territory where one can fish.

[Court:]  But it's — from what [counsel for a co-defendant] was saying, there have been some fights over jurisdiction and whether the United States government had jurisdiction, but those have already been decided in favor of the government. Do you understand that?

[Hernandez:]  Yeah, and here's the jurisdiction. Why is it that these paragraphs are blocked off?

[Court:]  I don't know why those paragraphs are blocked off, but what you have to decide is if you want to plead guilty today or not, and if you're going to plead guilty, then you're admitting to the jurisdiction and so then you can no longer contest the jurisdiction. So the decision that was made in favor of the government, you would have to just let that decision stay and you would not be able to appeal that decision.

So it's up to you to make the decision of if you want to plead guilty today. If so, then you need to abandon the arguments on jurisdiction, then you could — you could go forward at — well, I guess you could plead guilty in other ways where you preserve your right to appeal the prior decision about jurisdiction. So what is it you want to do today?

[Hernandez:]  No, I — I'll plead guilty.

[Court:]  So then other than the jurisdiction issue that you had concerns about, Mr. Hernandez Vasquez, is there anything else in the facts that [the prosecutor] summarized that you disagree with? [The prosecutor], the attorney for the

|  | government, anything else in the facts that he stated that you don't agree with? |
|---|---|
| [Hernandez:] | No, it's all right. It's all right. |

Also, trial counsel confirmed that he had researched and raised the challenge to jurisdiction (Doc. 5-1 at 45–46):

| [Court:] | Let me ask you, [trial counsel], are you satisfied that Mr. Hernandez Vasquez is pleading guilty knowingly and voluntarily with a full understanding of all the consequences of his guilty plea? |
|---|---|
| [Counsel:] | Yes. |
| [Court:] | Anything that you think we should have covered that we did not cover? |
| [Counsel:] | I do want to address a couple of things. Number one, we researched the issue and I led the charge for a total of eight defense attorneys at what we thought — what [ ] appeared what was going to be a status conference that turned into a two and a half hour hearing on jurisdiction. The jurisdiction issue is irrelevant. Once the United States under Article II, once the President recognized the country's government, that's the end of the inquiry and we do have case law on that that we presented to the district court and so that is a dead issue at this point. |

Because this Court determined that the United States had established subject matter jurisdiction and, at the change of plea hearing, both Judge Sansone and trial counsel advised Hernandez that the Court had determined subject matter jurisdiction, Hernandez fails to demonstrate that he unknowingly and involuntarily pleaded guilty. *Hill*, 474 U.S. at 56, 59.

Ground Three is **DENIED**.

Accordingly, Hernandez's Section 2255 motion to vacate (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to enter a judgment against Hernandez, **DOCKET** a copy of this Order in the criminal action, and **CLOSE** this case.

### DENIAL OF A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Hernandez neither makes a substantial showing of the denial of a constitutional right nor shows that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on May 9, 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE